

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00436-CR

TOMAS BADILLO III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2011-431,656; Honorable Bradley S. Underwood, Presiding

July 17, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Tomas Badillo III, was convicted by a jury of burglary of a habitation,[1] enhanced, and sentenced to forty years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

---

[1]TEX. PENAL CODE ANN. § 30.02(d) (WEST 2011).

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## BACKGROUND FACTS

Appellant and the victim had been involved in a romantic relationship in the early months of 2011, and when she ended the relationship, she was pregnant with his child. In the summer of 2011, the victim and her children were temporarily living with her sister. Not long after the relationship ended, Appellant showed up at the victim's sister's

---

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

home one morning knocking on the door. When the victim refused entry, he forcibly entered the home and, with knowledge of her pregnancy, assaulted her. According to the victim, Appellant punched her, pulled her hair and dragged her, choked her and attempted to drown her in a child's pool. The victim's niece and nephew testified they witnessed Appellant assaulting their aunt and tried to help her.

Appellant was indicted for intentionally or knowingly entering a habitation without consent and attempting to commit or committing a felony other than felony theft. The officer who responded to the domestic disturbance call testified he observed evidence of forced entry at the home and an injury to one of the victim's eyes. A detective assigned to the case a few days later interviewed the victim and photographed her injuries.

## ANALYSIS

By the *Anders* brief, counsel diligently evaluates the stages of Appellant's trial during guilt and punishment and concludes the evidence is sufficient to support his conviction and the punishment assessed. He also concludes that no reversible error is presented.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing

3

the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## CONCLUSION

The judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.